IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:13-CR-41-D-1
No. 5:16-CV-443-D

| | |
|---|---|
| PATRICK ARMWOOD, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

On June 20, 2016, Patrick Armwood ("Armwood") moved under 28 U.S.C. § 2255 to vacate, set aside, or correct his 120-month sentence [D.E. 38]. On November 18, 2016, the government moved to dismiss Armwood's motion [d.E. 42] and filed a supporting memorandum [D.E. 43]. On December 22, 2016, Armwood responded in opposition [D.E. 47]. As explained below, the court grants the government's motion to dismiss.

I.

On May 9, 2013, pursuant to a plea agreement, Armwood pleaded guilty to possession of ammunition by a felon in violation of 18 U.S.C. § 922(g)(1) and 924. See [D.E. 1, 27]; Presentence Investigation Report ("PSR") [D.E. 32] ¶¶ 1–2. Before sentencing, the United States Probation Office ("Probation") prepared a PSR. In the PSR, Probation found that Armwood had been convicted of two crimes of violence before committing the instant offense; therefore, his base offense level would be 24 under U.S.S.G. § 2K2.1(a)(2). See PSR ¶ 42. Probation also found, however, that U.S.S.G. § 2K2.1(c)(1)(A) and § 2X1.1(a) required a base offense level of 27 because the offense conduct involved attempted second degree murder. See id. Armwood did not object to the PSR or to his advisory guideline range of 110 to 120 months' imprisonment. See PSR

Addendum. On August 28, 2013, at Armwood's sentencing hearing, the court adopted the facts set forth in the PSR. See Fed. R. Crim. P. 32(i)(3)(A). After considering the entire record, arguments of counsel, and the section 3553(a) factors, this court sentenced Armwood to 120 months' imprisonment. [D.E. 35]. Armwood did not appeal his conviction or sentence.

In Armwood's section 2255 motion, he alleges that under Johnson v. United States, 135 S. Ct. 2551 (2015), he no longer has any convictions for a crime of violence under U.S.S.G. §§ 2K2.1 and 4B1.2. See [D.E. 38] 4. The government responds that the appellate waiver in Armwood's plea agreement bars his claim and Johnson has nothing to do with Armwood's sentence. Thus, the government moves to dismiss Armwood's motion for failure to state a claim upon which relief can be granted. See [D.E. 43] 4–5.

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure for "failure to state a claim upon which relief can be granted" tests a complaint's legal and factual sufficiency. See Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 562–63, 570 (2007); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 30 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). In considering a motion to dismiss, a court need not accept a complaint's legal conclusions. See, e.g., Iqbal, 556 U.S. at 678. Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (quotation omitted); see Iqbal, 556 U.S. at 677–79. Moreover, a court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201; Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). In reviewing a section 2255 motion, the court is not limited to the motion itself. The court may

2

consider "the files and records of the case." 28 U.S.C. § 2255(b); see United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993). Likewise, a court may rely on its own familiarity with the case. See, e.g., Blackledge v. Allison, 431 U.S. 63, 74 n.4 (1977); United States v. Dyess, 730 F.3d 354, 359–60 (4th Cir. 2013).

Armwood's plea agreement contains an appellate waiver. See [D.E. 27] ¶ 2(c). In the waiver, Armwood agreed

> [t]o waive knowingly and expressly all rights, conferred by 18 U.S.C. § 3742, to appeal whatever sentence is imposed, including any issues that relate to the establishment of the advisory Guideline range, reserving only the right to appeal from a sentence in excess of the applicable advisory Guideline range that is established at sentencing, and further to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, excepting an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct not known to the Defendant at the time of the Defendant's guilty plea. The foregoing appeal waiver does not constitute or trigger a waiver by the United States of any of its rights to appeal provided by law.

Id. In light of Armwood's Rule 11 proceeding, the appellate waiver is enforceable. See United States v. Copeland, 707 F.3d 522, 528–30 (4th Cir. 2013); United States v. Davis, 689 F.3d 349, 354–55 (4th Cir. 2012) (per curiam); United States v. Thornsbury, 670 F.3d 532, 537 (4th Cir. 2012); United States v. Blick, 408 F.3d 162, 168 (4th Cir. 2005). Armwood's Johnson claim falls within the appellate waiver. Accordingly the waiver bars the claim.

Alternatively, Johnson does not help Armwood. Armwood's base offense level had nothing to do with whether he had any convictions for a crime of violence under U.S.S.G. §§ 2K2.1 and 4B1.2. See PSR ¶ 42. Thus, the Johnson claim fails.

After reviewing the claim presented in Armwood's motion, the court finds that reasonable jurists would not find the court's treatment of Armwood's claim debatable or wrong and that the claim does not deserve encouragement to proceed any further. Accordingly, the court denies a

certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

II.

In sum, the court GRANTS the government's motion to dismiss [D.E. 42], DISMISSES Armwood's section 2255 motion [D.E. 38], and DENIES a certificate of appealability.

SO ORDERED. This 24 day of April 2017.

JAMES C. DEVER III
Chief United States District Judge