UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:13-CR-41-D-1

| UNITED STATES OF AMERICA | |
|---|---|
| v. | ORDER |
| PATRICK ARMWOOD | |

On October 2, 2024, the United States Probation Office for the Eastern District of North Carolina filed an amended motion to revoke defendant Patrick Armwood's ("Armwood" or "defendant") term of supervised release. [D.E. 64]. On December 5, 2024, Armwood filed a notice of consent to waive his revocation hearing and requested a sentence of 20 months' imprisonment. [D.E. 67]. The United States and the United States Probation Office support Armwood's motion. Both agree with revocation of Armwood's term of supervised release and a sentence of 20 months' imprisonment. *See id.* at 2. As explained below, the court grants Armwood's motion.

Rule 32.1 of the Federal Rules of Criminal Procedure permits a defendant to waive his right to a revocation hearing where a defendant knowingly and voluntarily admits the violation outlined in the motion for revocation. *See* Fed. R. Crim. P. 32.1 (b)(2); *United States v. Farrell*, 393 F.3d 498, 500 (4th Cir. 2005). In his motion, Armwood admits to violation 1. *See* [D.E. 67] 1 & n. 2. Specifically, the motion to revoke Armwood's supervised release alleges criminal conduct. Armwood asks to waive his hearing and have the court resolve the matter on the pleadings. *See* [D.E. 67] 1-2.

A court can infer a knowing and voluntary waiver of the right to a full revocation hearing from the totality of the circumstances and without a formal colloquy with the defendant. *See Farrell*,

393 F.3d at 500; *United States v. Stehl,* 665 F.2d 58, 59-60 (4th Cir. 1981). The court finds that Armwood has knowingly and voluntarily waived his right to a hearing under Rule 32.1; and the court accepts Armwood's knowing and voluntary waiver and his admission of the violation.

As for the disposition, on August 28, 2013, this Court sentenced Armwood to 120 months' imprisonment and a 36-month term of supervised release for violating 18 U.S.C. §§ 922(g)(1) and 924. *See* [D.E. 35]; [D.E. 64]. Armwood's term of supervised release began on January 31, 2022. Since that date, Armwood's violation has involved criminal conduct. In fashioning a supervised release revocation sentence, the court focuses on the breach of trust. *See* U.S.S.G. Ch. 7, Pt. A(3)(b). The sentence imposed upon revocation is "intended to sanction the [defendant] for failing to abide by the conditions of the court-ordered supervision." *United States v. Crudup,* 461 F.3d 433, 438 (4th Cir. 2006) (quotation omitted); *see* U.S.S.G. Ch. 7, Pt. A(3)(b).

The violation outlined in the motion for revocation is a grade B violation. Armwood's policy statement range is 18-24 months imprisonment based on a grade B violation and a criminal history category of V. *See* U.S.S.G. 7B1.4(a); 2013 PSR ¶ 16. The parties agree that an appropriate sanction for Armwood is revocation and a sentence of 20 months' imprisonment. Having considered the entire record, the policy statements in Chapter 7 of the U.S. Sentencing Guidelines, and the relevant factors in 18 U.S.C. § 3553(a), the court adopts the parties' recommendation and sentences Armwood to 20 months' imprisonment.

In reaching this decision, the court has considered the entire record, the parties' arguments, and the section 3553(a) factors.

In sum, the court finds that defendant Patrick Armwood has violated the terms and conditions of the judgment as follows:

1. Criminal conduct.

Defendant's supervised release term is REVOKED and the defendant is ORDERED committed to the custody of the Bureau of Prisons or its authorized representative for imprisonment for a period of 20 months.

IT IS RECOMMENDED that the defendant serve this term of imprisonment at FCI Butner.

IT IS FURTHER RECOMMENDED that the defendant receive the benefit of the intensive substance abuse treatment program within the Bureau of Prisons.

IT IS FURTHER RECOMMENDED that the defendant receive educational and vocational training while in the Bureau of Prisons, and that the defendant participate in the Landscape Management program within the Bureau of Prisons. The clerk SHALL provide the U.S. Marshal a copy of this judgment and this judgment shall serve as the commitment order. Any notice of appeal must be filed within 14 days.

SO ORDERED.

This __6__ day of _December 2024.

JAMES C. DEVER III
United States District Judge